UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CHRISTOPHER JUSTIN EADS, )<br>)<br>    Defendant. ) | NO. 1:11-cr-00239-TWP-KPF |

**ENTRY ON MOTION FOR SEVERANCE**

**A. Discussion**

This matter comes before the Court on Defendant's Motion for Severance. Rule 8(a) of the Federal Rules of Criminal Procedure provides that the Government "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Here, the Government seeks to join five counts against Defendant: (1) Distribution of Child Pornography (Count 1); (2) Possession of Child Pornography (Count 2); (3) Felon in Possession of a Firearm (Count 3); (4) Impersonating an Officer or Employee of the United States (Count 4); and (5) Tampering with a Witness (Count 5). Notably, "[i]n assessing the propriety of joinder under this rule, we look solely to the face of the government's indictment and not to any evidence ultimately presented at the defendant's trial." *United States v. Alexander*, 135 F.3d 470, 475 (7th Cir. 1998). That said, "there is a strong policy preference in favor of the joinder of qualifying charges and that the rule must be broadly construed toward that end." *Id*. at 476.

Obviously, counts 1 and 2 are "of the same or similar character." Count 3, however, appears to have only a tenuous relationship with Counts 1 and 2. Based on the indictment, the only meaningful connection between the counts is that the gun underlying Count 3 was recovered on the same day as the computer containing alleged child pornography. Importantly, Rule 8 makes no explicit mention of mere temporal proximity of the collection of evidence. To counter this argument, the Government emphasizes that certain forensic data on the computer that is part of Counts 1 and 2 would be admissible in a separate trial for Count 3. But, to reiterate, when assessing the appropriateness of joinder under Rule 8, "we look solely to the face of the government's indictment," not to "any evidence ultimately presented at the defendant's trial." *Alexander*, 135 F.3d at 475. That said, the Court is cognizant that it should "broadly construe[] Rule 8(a) to allow liberal joinder in order to enhance judicial efficiency." *United States v. Nettles*, 476 F.3d 508, 516-17 (7th Cir. 2007). At this time, the Court will abstain from ruling on this issue. The parties should be prepared to argue their respective positions at the final pretrial conference.

The Court does not have similar concerns with Count 4 and Count 5. According to Count 4 of the indictment, Defendant impersonated a federal officer, allegedly stating that his status as a special agent of the FBI allowed him to possess and trade child pornography. Count 5 involves allegations that Defendant tampered with a witness by encouraging her to change her story with respect to the child pornography. Given the intertwining nature of Counts 1, 2, 4, and 5, the Court finds that these counts are based on "a common scheme or plan."

Now that the Court has tentatively addressed Rule 8 issues, it can now turn to Rule 14: "Once the indictment is found to meet the criteria for joinder in Rule 8, all further issues of joinder are controlled by Rule 14." *United States v. Hogan*, 886 F.2d 1497, 1506 n.9 (7th Cir.

1989). Defendant argues that the child pornography charges (Counts 1 and 2) should be severed from the remaining charges (Counts 3, 4, and 5) under Rule 14, which provides: "If the joinder of offenses . . . for trial appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14. Defendant argues that severance is warranted because evidence concerning some of these charges unfairly prejudices him by preventing him from receiving a fair trial on the other charges. *See Alexander*, 135 F.3d at 476-77 (7th Cir. 1998).

The Seventh Circuit considers at least two factors when determining the appropriateness of trying counts together: first, whether the evidence on one count would have been admissible on the remaining counts; second, whether the district judge gave limiting instructions with regard to the evidence and the counts. *Hogan*, 886 F.2d at 1506. There is significant overlap in the evidence relevant to Counts 1, 2, 4, and 5. Defendant's wife's statements that form the basis of Count 4 are relevant to the issues presented by Count 1 and Count 2, especially if Defendant's defense to Count 1 and Count 2 is that "someone else did it." Similarly, the allegations forming the basis of Count 5 are relevant to countering a "someone else did it" defense. Finally, the Court can ameliorate any potential spillover prejudice by giving limiting instructions.

### B. Conclusion

Because certain issues remain unsettled in this case, the Court is unable to reach a definitive conclusion on this motion. That said, the Court **DENIES** Defendant's Motion for Separate Trial on Counts (Dkt. 42), allowing one trial on Counts 1, 2, 4, and 5, and the Court has **under advisement** the Motion for a separate trial for Count 3. Again, the parties should be prepared to discuss their respective positions on the count under advisement in his motion (and the motions in limine) at the final pretrial conference.

SO ORDERED.

Date: 02/08/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gayle Helart
UNITED STATES ATTORNEY'S OFFICE
gayle.helart@usdoj.gov

William E. Marsh
INDIANA FEDERAL COMMUNITY
DEFENDERS
bill.marsh@fd.org

Zachary A. Myers
UNITED STATES ATTORNEY'S OFFICE
zachary.myers@usdoj.gov

William H. Dazey, Jr
INDIANA FEDERAL COMMUNITY
DEFENDERS
bill.dazey@fd.org