UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 1:11-cr-00239-TWP-KPF |
| ) | |
| ) | |
| CHRISTOPHER JUSTIN EADS, ) | |
| ) | |
| Defendant. ) | |

# ENTRY ON MOTION FOR JUDGMENT OF ACQUITTAL

This matter comes before the Court on Defendant Christopher Justin Eads's Renewed Motion for Judgment of Acquittal. From February 21, 2012 until February 24, 2012, a four-day jury trial was held in this criminal matter on three charges: (1) violating 18 U.S.C. § 2252(a)(2) by distributing child pornography; (2) violating 18 U.S.C. § 2252(a)(4)(B) by possessing child pornography; and (3) violating 18 U.S.C. § 1512(b)(1) by unlawfully tampering with a witness. On February 24, 2012, at the close of evidence, Eads, acting *pro se*, moved orally for a judgment of acquittal, arguing that the evidence was "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Court denied Eads's motion. (Dkt. 74). Later that same day, the jury returned a guilty verdict on all three counts.

On March 8, 2012, Eads, through counsel, filed this Renewed Motion for Judgment of Acquittal under Fed. R. Crim. P. 29(c), citing "the reasons stated on the record at the time such motion was made." (Dkt. 80 at 1); *see* Fed. R. Crim. P. 29(c)(1) ("A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."). In other words, Eads "makes no new arguments

1

in support of the motion by design," only "to preserve Mr. Eads's opportunity to argue the sufficiency of the evidence on appeal." (Dkt. 92 at 1).

Eads bears a heavy burden on a motion for judgment of acquittal. A district court should grant such a motion "only when there is insufficient evidence to sustain a conviction." *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008). Along similar lines, the Seventh Circuit will overturn a defendant's guilty verdict only if the record contains *no evidence*, regardless of how it is weighed, from which the jury could have concluded beyond a reasonable doubt that he is guilty. *Id*. (emphasis added; citation and internal quotations omitted). The Seventh Circuit has described this burden as "nearly insurmountable." *Id*. (citation and internal quotations omitted).

Here, ample evidence presented at trial supports the jury's verdict. The Government's response brief chronicles a sampling of this evidence, providing as follows:

> (1) a computer containing child pornography was seized from Eads' residence;
>
> (2) the computer was brand new when Eads purchased it;
>
> (3) Detective Odier was able to download child pornography images from the computer on October 26, 2011, while the images were being shared with the public using by the user of the computer through a file sharing software program called Frostwire connected to the internet using an IP address assigned to Eads' subscription to the internet service provider at his residence;
>
> (4) Detective Odier had seen the same IP address in May, 2011, sharing child pornography images when it was using a file sharing software called Shareaza;
>
> (5) the forensic examination of Eads' computer showed that: (a) it contained both of these file sharing programs, (b) both were installed to begin working when the computer booted and, (c) both showed icons at the bottom of the screen easily seen by the user of the computer;
>
> (6) the computer was password protected and the password had been used 3,675 times since the computer password was installed showing regular use of the computer;
>
> (7) the only people living in the residence were Eads, his wife, an infant and a dog;

(8) the desktop background of the computer was a picture of Eads;

(9) the computer contained numerous picture folders with pictures of Eads, Eads' family and friends, Eads' motorcycle, Eads' businesses, and the gun that was seized from Eads' residence the date of the search warrant;

(10) when the computer was seized, Eads' cell phone was connected to and was synched with the computer;

(11) the file sharing programs were configured with a folder usage structure different from the programs' default settings, showing a user purposely changed those settings;

(12) a shortcut folder called "Task," connected with the Shareaza program, contained the majority of child pornography images and its icon was located on the desktop easily visible to the user of the computer;

(13) child pornography images were located in four different places on the computer;

(14) one child pornography picture in the Task folder contained a message about renting a child for sex with a contact email address of childtopfan@yahoo.com, and the IP address used to create and frequently access childtopfan@yahoo.com was the same as the computer that Detective Odier downloaded child pornography from on October 26, 2011;

(15) childtopfan@yahoo.com was used to set up a Skype account and one of three YouTube accounts presented during the trial;

(16) each of the three YouTube accounts contained images of things or places associated with Eads like the gun seized during the search warrant, his Brownsburg residence, and his motorcycle;

(17) the names given to the YouTube accounts were all somehow associated with Eads:

> (a) "studioindy7868": Studio Indy being the name of one of Eads' businesses and 7868 being the last four digits of Eads' Social Security Account Number;
> (b) "cjeads7868": cjeads being Eads' first two initials and last name; and,
> (c) "indyeads7868" indy being a common abbreviation for Indianapolis, the metropolitan area within which Eads' lived;

(18) numerous images on Eads' cell phone matched the YouTube videos and images found on the computer;

3

(19) some of the internet and file sharing history search terms located during forensic analysis of the computer were consistent with the user of the computer searching for child pornography or child erotica;

(20) the user of childtopfan@yahoo.com sent pictures of Eads to a witness purporting them to be pictures of himself, and communicated with the witness using Eads' mobile phone; and,

(21) a witness saw Eads using the computer in the fall of 2011.

(Dkt. 93 at 3-5).

As highlighted by the Government, there was sufficient evidence presented at trial with which a reasonable jury could reach a guilty verdict on the charges of possession and distribution of child pornography. Somewhat curiously, however, the Government's brief failed to highlight any evidence supporting the witness tampering charge. Nonetheless, the jailhouse telephone calls that were presented at trial overwhelmingly support the jury's verdict on that charge. Accordingly, Eads's Renewed Motion for Judgment of Acquittal (Dkt. 80) is **DENIED**.

SO ORDERED.      04/13/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

**William H. Dazey , Jr**
INDIANA FEDERAL COMMUNITY DEFENDERS
bill.dazey@fd.org,judy.poling@fd.org,sara.varner@fd.org

**Christopher Eads**
208998
GRAYSON COUNTY JAIL
320 Shaw Station Road
Leitchfield, KY 42754

**Gayle Helart**
UNITED STATES ATTORNEY'S OFFICE
gayle.helart@usdoj.gov,USAINS.ECF-criminal@usdoj.gov,janet.yang@usdoj.gov

**Zachary A. Myers**
UNITED STATES ATTORNEY'S OFFICE
zachary.myers@usdoj.gov,Stacey.Talbott@usdoj.gov,michelle.butler@usdoj.gov

**William E. Marsh**
INDIANA FEDERAL COMMUNITY DEFENDERS
bill.marsh@fd.org