**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cr-00239-TWP-KPF |
| | ) | |
| CHRISTOPHER JUSTIN EADS, | ) | |
| | ) | |
| Defendant. | ) | |

## **ENTRY DENYING MOTION TO RECONSIDER**

This matter is before the Court on Defendant Christopher Justin Eads' ("Mr. Eads") pro se Motion to Reconsider Denial of his Motion for New Trial. For reasons explained in this Entry, the Motion to Reconsider is **DENIED**.

### **I. BACKGROUND**

The background of this case is described in detail in this Court's Entry on the Motion for New Trial (Dkt. #108). Following the Entry, Mr. Eads as his own counsel, filed a series of documents alleging that he had "newly discovered evidence, discovered after the trial"; that due to his *pro se* status, he had been unable to present medical records from the Marion County Jail to evidence that he was on medication during the trial and the medication affected his performance; and that a critical witness, Nathan Asbury's ("Mr. Asbury"), whereabouts had been discovered and Mr. Asbury would show that Mr. Eads was innocent. The Court treated Mr. Eads' filing (Dkt. #120) as a motion to reconsider and an evidentiary hearing was held on June 4, 2012.

Although the Rules of Criminal Procedure do not mention motions to reconsider, the United States Supreme Court has held that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits. See *US v. Rollins*, 607 F. 3d 500, (SD Ill 2010). Motions to reconsider (in district courts) and petitions for rehearing (in courts of

appeals) are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure. *United States v. Healy,* 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964). The trial court has therefore afforded Mr. Eads the opportunity to present evidence and witnesses in support of his motion.

## II. LEGAL STANDARD

Mr. Eads continues to bear a heavy burden on his motion to reconsider denial of the motion for new trial. Federal Rule of Criminal Procedure 33 provides, in relevant part, that "the court may vacate any judgment and grant a new trial if the interest of justice so requires". Rule 33 provides two jurisdictional bases for a new trial, newly discovered evidence and other grounds. "[C]ourts have interpreted [Rule 33] to require a new trial 'in the interests of justice' in a variety of situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuzniar,* 881 F.2d 466, 470 (7th Cir.1989). However, "A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly." *United States v. Santos,* 20 F.3d 280, 285 (7th Cir.1994) (quoting *United States v. Morales,* 902 F.2d 604, 605 (7th Cir.1990), *amended on other grounds,* 910 F.2d 467 (7th Cir.1990)). It is within the discretion of the trial court in a criminal prosecution to determine whether a new trial should be granted on the basis of newly discovered evidence. *Jarrett v. U.S.* 822 F.2d 1438 (CA 7 Ill 1987).

## III. DISCUSSION

**A.     Newly Discovered Evidence**

In his motion to reconsider, Mr. Eads alleged that his mother, Linda Davis, could present newly discovered alibi evidence in the form of testimony and a receipt which would show his whereabouts on October 26, 2011. Additionally, Mr. Eads alleged newly discovered evidence would be elicited from Nathan Asbury which would prove his innocence. On both grounds, Mr. Eads' motion fails. To obtain a new trial based on newly discovered evidence, a defendant must show that the evidence: (1) was discovered after trial; (2) could not have been discovered sooner with due diligence; (3) was material and not simply impeaching or cumulative; and (4) if presented at a new trial would probably result in acquittal. *United States v. Reyes*, 542 F.3d 588, 595 (7th Cir. 2008).

First of all, Mr. Eads has not shown why his mother's "alibi testimony" was not discovered prior to trial. Mr. Eads called his mother as a witness during his jury trial, yet he failed to question her regarding his whereabouts on October 26, 2011. Linda Davis did not testify at the evidentiary hearing. Instead, Mr. Eads' wife, Rachael Smith Eads ("Rachael") offered testimony that she and Mr. Eads were in Lafayette, Indiana on October 26, 2011 and she presented a receipt (Ex. 603) dated October 26, 2011, which indicated that keys were surrendered to a person in Lafayette, Indiana on that date. Rachael acknowledged that she knew of the receipt prior to trial and had she looked for it, could have located it prior to the trial. Additionally, as the Court will discuss later in this Entry, Rachael was available to offer this testimony at the trial, however, Mr. Eads elected not to call her as a witness. The receipt offers nothing towards an "alibi" defense or to show that Mr. Eads was innocent of the crimes for which he was convicted: (1) distributing child pornography, (2) possessing child pornography, and (5) unlawfully tampering with a witness. Through the exercise of due diligence, the receipt

could easily have been discovered prior to the time of trial and it is not the type of evidence that would probably lead to an acquittal in the event of a new trial.

Next, Mr. Eads offered the testimony of Nathan Asbury, presumably as newly discovered evidence. At the time of trial, Mr. Asbury was a fugitive and neither the Government nor Mr. Eads were able to locate Mr. Asbury and produce him for trial. Mr. Eads was aware that a warrant had been issued for Mr. Asbury's arrest and knew that Mr. Asbury's whereabouts were unknown at the time of the jury trial. Mr. Eads could have requested a continuance or waiver of his speedy trial prior to the commencement of trial so that he could have an opportunity to locate Mr. Asbury. Instead, Mr. Eads wanted to proceed with trial on the first setting. Mr. Eads cannot now complain that the Government could not find Nathan Asbury by the date of his speedy trial.

Mr. Asbury was subsequently apprehended and appeared pursuant to subpoena (and in custody) at the evidentiary hearing. Contrary to Mr. Eads' assertions, Mr. Asbury testified that he did not possess or distribute child pornography on Mr. Eads' computer. Mr. Asbury testified that he had never used the blue computer which contained the child pornography, other than on one occasion to send a FaceBook message. According to Mr. Asbury, Mr. Eads had posted Craigslist ads on his behalf and he had never used Mr. Eads' email accounts. Mr. Eads' computer was password protected and Mr. Asbury testified that he did not know the password. Finally, Mr. Asbury stated that he was not aware that child pornography was located on Mr. Eads' computer and he denied that he had ever seen, downloaded or otherwise posted child pornography on Mr. Eads' computer. Clearly, Mr. Asbury's statement does not constitute newly discovered evidence for which a new trial should be granted. Nothing in his statement is exculpatory; rather his testimony is clearly inculpatory and would not likely lead to an acquittal. See, *U.S. v. Stimac* 559 F. Supp 386 (1983). The likelihood of changing a jury's decision must rise considerably above the level of speculation in order to justify a new trial. *United States v.*

*Riley,* 544 F.2d 237, 241 (5th Cir.1976), *cert. denied,* 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 777 (1977).

**B.     Other Grounds:**

Additionally, Mr. Eads asks the Court to reconsider several other grounds for a new trial. Federal Rule of Criminal Procedure 33(b)(2) provides that a district court may vacate any judgment and grant a new trial if the interest of justice so requires.

Mr. Eads claimed that anti-anxiety medication affected his ability to represent himself at trial, but that claim fails. Mr. Eads offered evidence that on December 20, 2011, he was prescribed 100 mg Doxepin (with two refills) by a doctor at the Marion County Jail. However, this record of a prescription being ordered does not show that Mr. Eads was incompetent due to medication during his jury trial. During the trial, Mr. Eads never informed the Court that his anti-anxiety medication affected his ability to perform as his own counsel. Mr. Eads did not appear to be disoriented, drowsy or "loopsy". In fact, Mr. Eads was alert and quite competent during the trial proceedings. Mr. Eads gave logical and persuasive opening and closing arguments, made appropriate objections during trial, and performed proper direct and cross-examination of witnesses. Mr. Eads has failed to meet his burden that a new trial is warranted due to his lack of competency.

Mr. Eads proffers that several witnesses' testimony would have been critical to his case, however these witnesses were not allowed to testify. Again, this argument fails because as his own counsel, he could have presented all of the proposed witnesses: Laquisha Wern, from CPS, Officer Jason O'Brien, and Doug Baker, during his trial. Mr. Eads has offered no evidence as to why he did not subpoena or otherwise call these witnesses to testify at his trial and there is no evidence before the Court to support Mr. Eads' allegation that he was "not allowed" to call any of the witnesses. In any event, if there was prejudicial error in the trial proceeding without the

5

testimony of these proposed witnesses, Mr. Eads' remedy lies with his direct appeal. He is not entitled to a new trial based on the non-appearance of these proposed witnesses.

Next, Mr. Eads alleges he was not allowed to call Rachael as a witness because she felt threatened by both her attorney and by Detective Jennifer Piatt Barrett ("Det. Piatt"). Rachael testified that she felt threatened by her attorney, Doneka Brooks ("Attorney Brooks") after Attorney Brooks advised her regarding penalties for perjury and the penalties for possession and distribution of child pornography (60 years to life) and allegedly advised Rachael that her children could be taken away. The Court does not find that these advisements constitute a "threat" as they appear to be proper attorney-client advisements under the circumstances and facts of this case. Further, Rachael's testimony regarding threats by Det. Piatt on the date of Mr. Eads' arrest lacks credibility, in light of the evidence before the Court on this issue.

A defendant alleging substantial government interference with a defense witness' choice to testify is required to demonstrate misconduct by a preponderance of the evidence. Mr. Eads has failed to meet that burden. There is no evidence that any government attorneys committed any misconduct which resulted in Mr. Eads not calling his wife as a witness. To the contrary, Rachael was present and available to testify had Mr. Eads elected to call her as a witness during his jury trial. Mr. Eads himself made the decision not to call his wife as a witness. According to her counsel, Rachael was willing to testify. Attorney Brooks stated on the record that she did not know what Rachael "would say when she gets on the stand"; however, Rachael was available to testify if called upon. Mr. Eads' decision to not call his wife as a witness appears to have been either strategic or because he did not know how his wife might testify; not because he feared his wife would refuse to give testimony. Mr. Eads' decision to not call Rachael was a deliberate and strategic one and he is not entitled to a new trial so that he can now employ a different strategy. *U.S. v. Melvin*, 39 Fed. Appx. 43 (4th Cir. 2002).

Finally, Rachael testified that she overheard Detective Brett Seach ("Det. Seach") state that the jury had found in the Government's favor, prior to the Court's pronouncement of the verdict. Det. Seach, however, testified that his statement was merely an indication of what he believed the verdict would be, and that he did not know the verdict prior to the pronouncement in open court. The jurors in this case were in the charge of the bailiff in a sound proof jury room during their deliberations. The jury was not allowed to have contact with any outside person, nor did they have access to electronic communication devices. There is no evidence before the Court of jury tampering. "[M]ere speculation or conjecture is insufficient to warrant a new trial." *United States v. Reed*, 2 F.3d 1441, 1451 (7th Cir. 1993).

### III. CONCLUSION

The Court has afforded Mr. Eads the opportunity to present evidence in support of his motion to reconsider the denial of his request for a new trial. The Seventh Circuit has stated that, in order for a court to grant a Rule 33 motion for a new trial, "the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand." *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989). The majority of evidence which Mr. Eads claims was newly discovered was clearly known by him or could have been discovered with due diligence prior to trial. The remaining claims fail to warrant the relief requested. Mr. Eads has failed to meet his burden to show that a manifest injustice would occur if he is not granted a new trial. Accordingly, the Motion to Reconsider Denial of the Motion for New Trial (Dkt. #120) is **DENIED**.

SO ORDERED. 06/07/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

William H. Dazey, Jr.
INDIANA FEDERAL COMMUNITY DEFENDERS
bill.dazey@fd.org, judy.poling@fd.org, sara.varner@fd.org

Gayle Helart
UNITED STATES ATTORNEY'S OFFICE
gayle.helart@usdoj.gov, USAINS.ECF-criminal@usdoj.gov, janet.yang@usdoj.gov

William E. Marsh
INDIANA FEDERAL COMMUNITY DEFENDERS
bill.marsh@fd.org, sara_varner@fd.org, judy.poling@fd.org

Zachary A. Myers
UNITED STATES ATTORNEY'S OFFICE
zachary.myers@usdoj.gov, stacey.talbott@usdoj.gov, michelle.butler@usdoj.gov

Christopher Justin Eads, #208998
Grayson County Jail
320 Shaw Station Road
Leitchfield, Kentucky  42754